**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Roberto SERENA–CHAVEZ,**
**Defendant–Appellant.**

No. 00–50597.
D.C. No. CR–00–01077–BTM.

United States Court of Appeals,
Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2). Appellant's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Submitted July 22, 2002.*

Decided July 31, 2002.

Before BROWNING, KOZINSKI, and BERZON, Circuit Judges.

### MEMORANDUM **

Roberto Serena–Chavez appeals his 15–month sentence and conviction by guilty plea to one count of importation of marijuana in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Serena–Chavez first contends that 21 U.S.C. § 960 cannot withstand constitutional scrutiny in light of the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). This contention is foreclosed by our decision in *United States v. Mendoza–Paz*, 286 F.3d 1104, 1110 (9th Cir.2002).

Serena–Chavez next contends that if section 960 is constitutional, then under *Apprendi*, quantity and type of drug are elements of the crime, and the district court violated Fed.R.Civ.P. 11 by failing to establish that he understood the nature of the crime to which he was pleading guilty. We review the record for plain error, *United States v. Minore*, 292 F.3d 1109, 1117 (2002), and find none.

At the Rule 11 colloquy, Serena–Chavez admitted that he knowingly carried at least 25 kilograms of marijuana. Because he was sentenced to far less than the lowest statutory maximum for any type and amount of drug, the alleged Rule 11 violation, had no effect on his substantial rights. *Id.* at 1120.

Finally, Serena–Chavez argues that he was unconstitutionally denied an additional one point downward departure for a fast track plea because he refused to give up his rights under *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194; 10 L.Ed.2d 215 (1963), and *Giglio v. United States*, 405 U.S. 150, 154, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). Because the government need not disclose evidence favorable to the defendant prior to entering a plea agreement, the waiver requirement is constitutional, *United States v. Ruiz*, —— U.S. ——, 122 S.Ct. 2450, 2457, 153 L.Ed.2d 586 (2002), and the denial of a further departure is unreviewable. *United States v. Tucker*, 133 F.3d 1208, 1214 (9th Cir.1998).

AFFIRMED.